IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD DEVINE | : | |
|     Plaintiff, | | |
| | | CIVIL ACTION |
| v. | : | NO. 15-1361 |
| NATIONSTAR MORTGAGE LLC | | |
|     Defendant. | : | |

**MEMORANDUM**

Jones, II   J.                                                                                                     October 28, 2015

## I.   INTRODUCTION

Plaintiff Edward Devine initiated this action against Defendant Nationstar Mortgage LLC, in which he alleges that Nationstar violated the Fair Debt Collection Practices Act (FDCPA) and Pennsylvania's Unfair Trade Practices and Consumer Protection Law (UTPCPL). Presently pending before the court is Plaintiff's Motion for Partial Summary Judgment. For the reasons stated below, said Motion shall be granted.

## II.   BACKGROUND

Plaintiff and his former wife once owned real property at 846 Maplewood Road in Wayne, Pennsylvania. (Pl.'s & Def.'s Stmt. Undisp. Facts ¶ 1) [hereinafter SUF.][1,2]  On June 10, 2005, the Devines entered into a loan agreement with America's Wholesale Lender, which, by its terms, placed a mortgage on the above property in the principal amount of $2,275,000.  (SUF ¶

---

[1]  For the sake of clarity, "SUF" refers to undisputed facts agreed upon by both parties. In the event facts are disputed by the parties, such dispute will be indicated by citation to the individual party's statement of undisputed facts.

[2]  It was this Court's understanding that neither Edward Devine nor his wife ever "owned" the property at 846 Maplewood Road but instead, always had a mortgage on same.  However, Defendant has not disputed use of the word "own" and the same has no dispositive bearing on the issues now before the court.

2.) Two years later, on June 12, 2007, the Devines' mortgage was assigned to U.S. Bank, N.A. ("U.S. Bank"). (*Id.* ¶ 3.) Soon after this assignment, U.S. Bank filed an action for mortgage foreclosure against the Devines for their failure to make every payment due under their mortgage. (*Id.* ¶ 4.)

On January 13, 2011, the Court of Common Pleas of Delaware County held a trial regarding the foreclosure. (*Id.* ¶ 5.) Following trial, said court entered an *in rem* judgment for mortgage foreclosure in favor of U.S. Bank, and against the Devines, in the amount of $3,021,742.90. (*Id.*) Ten months later, U.S. Bank purchased the property at 846 Maplewood Road for $1. (*Id.* ¶ 6.) Defendant admits U.S. Bank did not file a petition to set the fair market value of the property within six months of this purchase. (Def.'s Opp'n SUF ¶ 7.)

Defendant Nationstar— not U.S. Bank— represents itself to be the Devines' mortgage servicer. (SUF ¶ 8.) In fact, eight months after U.S. Bank purchased the property from the Devines, Nationstar sent Mr. Devine a letter.[3] (Pl.'s Mot. Summ. J. Ex. I.) In this letter, Nationstar asserted that Plaintiff owed a debt of $4,089,140.38, identified itself as a debt

---

[3] Nationstar objects to this fact by arguing that Plaintiff's reliance on the letter "violates subsection (c)(4)" of Federal Rule of Civil Procedure 56. (Def.'s Opp'n SUF ¶ 9.) Specifically, Nationstar argues that the letter was not proffered through an affidavit or declaration by someone with personal knowledge. (*Id.*) Rule 56(c)(4) provides:
> *Affidavits or Declarations*. An affidavit used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

FED. R. CIV. P. 56(c)(4).

However, Rule 56(c)(1)(A) allows parties to rely on various documents—not only affidavits—in support of their factual assertions. *See* FED. R. CIV. P. 56(c)(1)(A) (stating that parties may cite to "depositions, *documents*, electronically stored information, affidavits *or* declarations," among other things) (emphasis added).

Rule 56(c)(4) does not require parties to submit affidavits in support of asserted facts. Rather, Rule 56(c)(4)'s requirements apply only *if* an affidavit is used to assert a fact. *Id.*

Plaintiff relies on letters from Nationstar, which certainly qualify as "documents" or "other materials" under Rule 56(c)(1)(A). Therefore, Defendant's argument—that Plaintiff is required to support its assertions by way of affidavit under Rule 56(c)(4)—is unfounded.

collector, and demanded payment on behalf of U.S. Bank. (*Id.*) About a week after sending the first letter, on September 14, 2013, Nationstar sent Plaintiff a second letter.[4] (Pl.'s Mot. Summ. J. Ex. J.) In the second letter, Nationstar informed Plaintiff that his hazard insurance had lapsed, and demanded that Devine list "Nationstar Mortgage LLC" as "first mortgagee." (*Id.*)

On September 27, 2013, Nationstar sent a third letter to Mr. Devine.[5] (*Id.* Ex. K.) In this third letter, Nationstar writes that it is "returning the funds that [Mr. Devine] submitted on [his] account that were insufficient to resolve [his] delinquency." (*Id.*) Nationstar also states in this letter: "This is an attempt to collect a debt and any information obtained will be used for that purpose." (*Id.*) Enclosed in this letter, Nationstar included a $5 check payable to Bank of America from Phelan Hallinan, LLP, a law firm with which Plaintiff claims he has no association. (*Id.*) Handwriting on the check lists Edward M. Devine's name and the address of 846 Maplewood Road, Wayne, Pennsylvania. (*Id.*) Notwithstanding its evidentiary objection to this letter, Nationstar does not dispute that it sent the letter, enclosed the check, or that Plaintiff was never associated with the law firm of Phelan Hallinan. (Def.'s Opp'n SUF ¶ 11.)

About three months after sending the third letter, on January 17, 2014, Nationstar sent a fourth letter to Plaintiff. (Pl.'s Mot. Summ. J. ¶ 13 Ex. M.) In this letter—which, like all the other letters, was sent on Nationstar's letterhead—Nationstar included what appears to be an annual tax and interest statement for the 846 Maplewood Road property. (Pl.'s Mot. Summ. J. Ex. M.) The letter asks Plaintiff to forward his real estate tax bill to Nationstar. (*Id.*) It also urges Plaintiff

---

[4] Defendant Nationstar again objects to this letter on the basis of FRCP 56(c)(4). For the same reasons previously articulated, the Court finds this objection moot.
[5] As with all these letters, Nationstar objects on the basis that this letter violates FRCP 56(c)(4), but Nationstar does not dispute the fact that it did send the letter. (Def.'s Opp'n SUF ¶ 11.)

to complete a "Tax Identification Certification" by listing his Social Security number and Taxpayer I.D. number. (*Id.*)[6]

During the period in which Plaintiff was receiving these letters, he alleges that Nationstar also called him on the telephone "on many occasions." (Pl.'s SUF ¶ 14.) Nationstar objected to this statement of fact on the basis that it violates FRCP 56(c)(4) because it is not supported by affidavit. (Def.'s Opp'n SUF ¶ 14.) Thereafter, Plaintiff filed an affidavit in support of this stated fact. (Devine Aff., ECF No. 20-2.) In his affidavit, Mr. Devine attested to the fact that after Nationstar first contacted him by mail on September 12, 2013, it then began calling him, "reminding [him] of the 'debt' [Nationstar] alleged [he] owed them." (*Id.*) He states that the phone calls continued for about a year. (*Id.*)

Defendant admits that, "as a result of [its] failure to respond to [Plaintiff's] counsel's demand for verification, Plaintiff filed suit against Nationstar in the Magisterial District Court." (Def.'s Opp'n SUF ¶ 15.) This "demand for verification" is a letter Plaintiff alleges his counsel sent Nationstar on December 5, 2013, asking Nationstar to verify: (i) whether Nationstar is Plaintiff's mortgage servicer; (ii) whether Nationstar was willing to negotiate a settlement; and (iii) whether Nationstar contends that Plaintiff owes Nationstar, or any other person, a debt. (Pl.'s Mot. Summ. J. Ex. L.) Defendant also admits that Plaintiff prevailed before the Magisterial District Court, Plaintiff prevailed again before an arbitration panel on appeal, and Defendant thereafter appealed the arbitration award to the Delaware County Court of Common Pleas. (SUF ¶¶ 16–17.)[7]

---

[6] Again, Defendant objects that this letter violates FRCP 56(c)(4), but fails to deny any of the factual allegations set forth by Plaintiff regarding this letter. (Def.'s Opp'n SUF ¶ 13.)

[7] On March 31, 2014, the Magisterial District Court entered a default judgment in favor of Plaintiff in the amount of $12,148.50. (Pl.'s Mot. Summ. J. Ex. N.)

Following litigation in the Magisterial District Court and arbitration, Nationstar sent Plaintiff a fifth and final letter on January 20, 2015. (Pl.'s Mot. Summ. J. Ex. P.) The substance of this letter is identical to the fourth letter sent by Nationstar. (*See id.*; Ex. M.) In this fifth letter, as in the fourth letter, Nationstar asserted that it was the "recipient/lender" of a multi-million dollar debt that Plaintiff owed. (Pl.'s Mot. Summ. J. Ex. P.) Additionally, Nationstar again requested that Mr. Devine mail Nationstar his real estate tax bill and taxpayer identification information. (*Id.*, Ex. P.)

On February 25, 2015, Plaintiff filed his First Amended Complaint in the Court of Common Pleas of Delaware County, in which he alleged that Defendant violated the Fair Debt Collection Practices Act and Pennsylvania's Unfair Trade Practices and Consumer Protection Law. (Pl.'s First Am. Compl. ¶¶ 24–41.) Less than one month later, on March 18, 2015, Defendant Nationstar removed the case to this Court. Currently pending before this Court is Plaintiff's Motion for Partial Summary Judgment on his FDCPA claim.

**III.   LEGAL STANDARD**

Under Federal Rule of Civil Procedure 56(a), a court shall grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine [dispute] as to any material fact and that the moving party is entitled to a summary judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); FED. R. CIV. P. 56(a). "If the moving party meets its burden, the burden shifts to the nonmoving party to go beyond the pleadings and come forward with specific facts showing that there is a genuine issue for trial." *Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015) (internal citations and quotation marks omitted). Therefore, in order to defeat a motion for summary judgment, the non-movant must establish that the disputes are both (1)

5

material, meaning concerning facts that will affect the outcome of the issue under substantive law; and (2) genuine, meaning the evidence must be such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "At the summary judgment stage of proceedings, courts do not 'weigh the evidence or make credibility determinations,' but, instead, leave that task to the fact-finder at a later trial if the court denies summary judgment." *Halsey v. Pfeiffer*, 750 F.3d 273 (3d Cir. 2014) (quoting *Petruzzi's IGA Supermarkets v. Darling-Delaware Co.*, 998 F.2d 1224, 1230 (3d Cir. 1993)).

## IV.   DISCUSSION

To prevail on his FDCPA claim, Plaintiff must prove that (1) he is a consumer; (2) the defendant, Nationstar, is a debt collector; (3) Defendant Nationstar's challenged practice involves an attempt to collect a "debt" as the FDCPA defines it; and (4) Defendant Nationstar has violated a provision of the FDCPA in attempting to collect a debt. *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014). Defendant argues summary judgment is not proper because Plaintiff's claim is barred by the FDCPA's statute of limitations. (Def.'s Opp'n Mem. 5–6.) Defendant further argues that summary judgment is improper because Plaintiff has failed to support his facts through an affidavit or declaration under Federal Rule of Civil Procedure 56(c)(4).[8] Because the statute of limitations, if applicable, would bar Plaintiff's claim entirely, the Court will address this issue first before it turns to the merits of the claim.

---

[8] This Court has already addressed this argument, *supra* note 3. Nonetheless, the Court will address this issue at greater length *infra*.

### A. Statute of Limitations

A plaintiff may bring an action under the FDCPA "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Defendant argues Plaintiff's claim is time-barred because Plaintiff first pled a FDCPA claim when he amended his Complaint on February 25, 2015, which was over one year after the first time Nationstar allegedly contacted Plaintiff. (Def.'s Opp'n Mem. 5–6.) Plaintiff responds that Nationstar's conduct constitutes a "continuing violation" of the FDCPA, and that Nationstar's most recent letter to Plaintiff—on January 20, 2015—is the time at which the statute of limitations began running. (Pl.'s Reply Br. 4, ECF No. 20 at 7.)

In the case at bar, Plaintiff brings claims under Sections 1692(2)(A), 1692e(2)(B), 1692e(5), 1692e(10), and 1692j(a) of the FDCPA. Plaintiff states, and Defendant admits, that U.S. Bank purchased the property at issue on November 18, 2011. (SUF ¶ 6.) As this Court previously held, "Because U.S. Bank received 'full satisfaction in kind' of Plaintiff's mortgage on November 18, 2011, there is no mortgage for Defendant [Nationstar] to service." *Devine v. Nationstar*, Civ. Action No. 15-1361 (E.D. Pa. Aug. 7, 2015); *see also id.* (noting that, under Pennsylvania law, the failure of U.S. Bank to petition the court to determine the fair market value of the debtor's [Devine's] property, within six months, "discharge[s] all parties . . . liable to the judgment creditor for payment of the debt" (quoting *Zinchiak v. CIT Small Bus. Lending Corp.*, 406 F.3d 214, 222 (3d Cir. 2005))).[9] Devine argues that Nationstar's continued attempts to collect a "debt" from him violated the FDCPA because no "debt" existed and, therefore, Nationstar's conduct constitutes a "false, deceptive, or misleading representation." *See* 15 U.S.C. § 1692e (prohibiting such conduct).

---

[9] Defendant does not dispute that it did not petition the court for the fair market value within six months of the purchase. (Def.'s Opp'n SUF ¶ 7.)

Plaintiff's claim is not based upon Nationstar's improper pursuit of "debt collection litigation." *Compare Schaffhauser v. Citibank (S.D.) N.A.*, 340 F. App'x 128, 130–31 (3d Cir. 2009) (recognizing that "[w]here FDCPA claims are premised upon allegations of improper pursuit of debt collection litigation," the FDCPA's statute of limitations begins to run at the filing of the "underlying collection action"), *with Kimmel v. Phelan Hallinan & Schmieg, PC*, 847 F. Supp. 2d 753, 767-68 (E.D. Pa. 2012) ("Our Court of Appeals's jurisprudence thus suggests only that participation in debt collection litigation does not qualify as a continuing violation under the FDCPA; it does not hold that the continuing violations doctrine is inapplicable to *all* FDCPA claims") (emphasis in original), *and Brown v. Udren Law Offices PC*, Civil Action No. 11–2697, 2011 U.S. Dist. LEXIS 102004, at *17–18 (E.D. Pa. Sept. 9, 2011) (noting that *Schaffhauser*'s rationale only applies to "claims based on *improperly bringing* the debt collection litigation[,]" not claims where the defendants have "*falsely represented the character and legal status of the debt* . . . within the one year preceding the filing of Plaintiff's Complaint") (emphasis in original). Instead, Plaintiff's claim rests on a theory that Defendant improperly harassed Plaintiff, through letters and phone calls, by falsely representing that Plaintiff owed a "debt" to U.S. Bank that he did not in fact owe.

Plaintiff's claim does not rest on allegations that Defendant improperly pursued debt-collection litigation against him. Further, Plaintiff's claim was not brought under Section 1692g(a) of the FDCPA therefore, the claim is not time-barred.

### 1. Plaintiff's Claim Does Not Arise out of Allegations that Defendant Improperly Pursued Debt-Collection Litigation

Plaintiff's claim does not relate "to state court debt collection actions that [defendants] initiated." *Schaffhauser*, 340 F. App'x at 129.[10]  Instead, Plaintiff has presented evidence that Nationstar engaged in a course of conduct (not litigation) that continued up until one month before Plaintiff brought the instant FDCPA claim. Specifically, this continuing course of conduct consists of five letters demanding payment of a multi-million dollar debt that did not exist, demands for sensitive personal information including Plaintiff's Social Security number and taxpayer identification number, as well as a barrage of phone calls demanding payment of the same debt.[11]  Defendant has in fact sent a letter to Plaintiff within one year of the date Plaintiff brought his FDCPA claim. *See Skinner v. Asset Acceptance, LLC*, 876 F. Supp. 2d 473, 478 (D.N.J. 2012) (holding that this letter was "a discrete and particular act, occurring within one year of Plaintiff's filing her Complaint" and that, therefore, the Plaintiff's action was not barred by the FDCPA's statute of limitations"); *see also Brown*, 2011 U.S. Dist. LEXIS 102004, at *17 (holding that similar communications made within one year of the filing of the plaintiff's complaint were "new communications" that "independently violate the FDCPA" and thus preclude application of the statute of limitations).

Nationstar has ignored the complexity of the continuing violations doctrine's interaction with the FDCPA by repeatedly pointing to the communication (the initial September 12, 2013 letter) occurring outside the statute of limitations as the only communication that matters. *Cf.*

---

[10] Plaintiff does not allege that U.S. Bank should not have instituted foreclosure proceedings against him in 2007. Nor does Plaintiff claim that the foreclosure proceedings were wrongful or unlawful. Instead, Plaintiff challenges Defendant's subsequent conduct regarding the debt that was satisfied by U.S. Bank's purchase of the property in 2011.

[11] Defendant does not dispute the factual basis of Plaintiff's allegations on this point; namely, that it made these harassing phone calls. (Def.'s Opp'n SUF ¶ 14.)

9

*Kimmel*, 847 F. Supp. 2d at 768 (criticizing the defendants for "focus[ing] their statute of limitations arguments on a narrow subset of the acts the [plaintiffs] allege"). In this case, Plaintiff alleges various acts "within the one-year FDCPA limitations period." However, none of Plaintiff's claims rely upon an allegation that the defendant improperly prosecuted a foreclosure action. *See Amelio v. McCabe, Weisberg & Conway, P.C.*, Civil Action No. 14–1611, 2015 U.S. Dist. LEXIS 98378, at *14 (W.D. Pa. July 28, 2015) ("It was irrelevant that a debt collection lawsuit was filed outside the limitations period because the FDCPA claims were based upon the phone calls, not the lawsuit.") (citing *Tucker v. Mann Bracken, LLC*, Civil No. 1:08–CV–1677, 2009 U.S. Dist. LEXIS 3962, at *9–10 (M.D. Pa. Jan. 21, 2009)).

Plaintiff's claim is based upon multiple false representations made by Defendant, in which Defendant claims Plaintiff owes it a debt that he in fact does not owe. These false representations constitute subsequent communications in the form of five letters and multiple phone calls. Plaintiff herein filed his FDCPA claim "within one year of the [Defendant's] most recent . . . FDCPA violation": the January 20, 2015 letter. *See Brown* at *18.

### 2.     Plaintiff's Claim Is Not Based Upon an "Initial Communication" Under Section 1692g

In the instant matter, Plaintiff has brought his claim under Section 1692e of the Act. Such a claim is distinguishable from that in which the "obligations under § 1692g(a) related only to collector's *initial communication* and thus subsequent communications could not support a time-barred cause of action for violation of 1692g(a)." *Skinner*, 876 F. Supp. 2d at 477 n.1 (emphasis added). Thus, this Court will also consider Nationstar's phone calls and letters that were made and sent within one year of the filing of Plaintiff's Complaint "discrete and particular act[s]." *Id.* at 478; *see also Amelio*, 2015 U.S. Dist. LEXIS 98378, at *15-16 (citing various cases doing the same); *Kimmel*, 847 F. Supp. 2d at 768 (similarly considering "other acts"); *Brown*, 2011 U.S.

Dist. LEXIS 102004, at *17-18 (similarly considering new communications made within one year of the filing of the plaintiff's complaint in finding the statute of limitations inapplicable). Consequently, Plaintiff's FDCPA claim is not barred by the statute of limitations.

In short, Plaintiff's claim is not predicated on a theory that Nationstar improperly pursued debt-collection litigation against him.  Defendant herein independently violated the FDCPA numerous times by falsely representing, through various communications, that Plaintiff owed U.S. Bank a debt. The last of these communications was made only one month before Plaintiff filed his FDCPA claim. Therefore, Plaintiff's claim is not time-barred.

B.      **Plaintiff's Exhibits**

As previously stated, to prevail on his FDCPA claim, Plaintiff must prove that (1) he is a consumer; (2) Nationstar is a debt collector; (3) Nationstar's challenged practice involves an attempt to collect a "debt" as the FDCPA defines it; and (4) Nationstar has violated a provision of the FDCPA in attempting to collect a debt. *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014). Defendant does not dispute that Plaintiff has satisfied these elements. Defendant does not argue that Plaintiff is not a consumer under the first prong. (Def.'s Opp'n Mem.) Defendant does not argue that it is not a debt collector under the second prong. (*Id.*) In fact, Defendant admits it is a "debt collector" and this Court so finds.  (Pl.'s Mot. Summ. J. Exs. I, K.)  Defendant does not argue that its conduct did not constitute an attempt to collect a debt, under the third prong. (Def.'s Opp'n Mem.) Nor does Defendant present any argument that it did not in fact violate the FDCPA under the fourth prong. (*Id.*) Defendant's only arguments are that: (1) Plaintiff's claim is time-barred; and, (2) Plaintiff relies on inadmissible evidence in support of his motion.  (*Id.*)

Throughout its entire response to Plaintiff's motion for summary judgment, Defendant disputes only one of the underlying factual assertions made by Plaintiff: that counsel for Plaintiff tried to contact Nationstar by telephone and U.S. mail in order to verify the alleged debt. (Def.'s Opp'n SUF ¶ 12.)[12] Aside from this one immaterial dispute, Defendant does not dispute that it sent any of the five letters Plaintiff relies upon in support of his claim. (*Id.* ¶¶ 9–11, 13, 18.) Defendant also does not dispute that it contacted Plaintiff by telephone many times demanding payment of his "debt." (*Id.* ¶ 14.) Perhaps most telling, Defendant does not once contend that it is actually entitled to lawfully collect a debt from Plaintiff, or that Plaintiff owes U.S. Bank any money.

Defendant does not disagree that its failure to file a petition to set the fair market value of the property within six months relieved Plaintiff of any obligation to pay a debt. *See, e.g.*, *Zinchiak v. CIT Small Bus. Lending Corp.*, 406 F.3d 214, 222 (3d Cir. 2005) ("Under [Pennsylvania law], the judgment creditor has six months after the debtor's collateral is sold in which to petition the court to fix the fair market value of the real property. 42 Pa.C.S.A. § 5522(b). Failure to file a petition within this time period creates an irrebuttable presumption that the creditor was paid in full in kind. This presumption serves to discharge all parties either directly or indirectly liable to the judgment creditor for payment of the debt, including guarantors. 42 Pa.C.S.A. § 8103(d)"); *PNC Bank, Nat'l Ass'n v. Balsamo*, 634 A.2d 645, 654 (Pa. Super. Ct. 1993) ("Where a judgment creditor purchases the debtor's realty at a sheriff's sale and fails to petition the court to fix the fair market value of the property within the six month

---

[12] Although in dispute, this fact is not "material" under FRCP 56 because Plaintiff's counsel's attempts to contact Nationstar have nothing to do with Nationstar's liability under the FDCPA. *See Anderson*, 477 U.S. at 248 (explaining that, in order for a fact to be "material," it must affect the outcome of the issue under substantive law).

time limit prescribed by the statute, the judgment creditor is deemed to have received full satisfaction in kind of the underlying debt.").

Rather than argue that it did not violate the FDCPA, Defendant contends Plaintiff's motion for summary judgment must fail because FRCP 56(1)(A) "requires that a motion for summary judgment cite to particular parts of the materials in the court's record." (Def.'s Opp'n Mem. 4.)[13] Defendant attacks Plaintiff's use of documents Defendant is clearly familiar with (including letters Defendant itself sent to Plaintiff) not on the basis of any apparent belief that said documents might not be what Plaintiff purports them to be, but instead, on the bases that Plaintiff "failed to certify personal knowledge of the aforementioned exhibits" and they were not made a part of the record. (Def.'s Opp'n Mem. 4.)

Inasmuch as: (1) the documents relied upon by Plaintiff include court documents / judgments and documents that have been of record in this matter since Plaintiff attached them to his First Amended Complaint; (2) the documents were of record at the time Defendant filed its Motion to Dismiss, yet Defendant never objected to them;[14] (3) the majority of documents relied upon by Plaintiff originated from Defendant;[15] (4) said documents were *again* made part of the record by reason of Plaintiff's filing same as exhibits to the instant Motion through the court's

---

[13] The court has already addressed this argument, *supra* note 3. Nonetheless, for the sake of clarity, the court will further explain its reasoning.

[14] *See United States ex rel. Budike v. PECO Energy*, Civ. Action No. 07-4147, 2015 U.S. Dist. LEXIS 109288, at *29 n.17 (E.D. Pa. Aug. 18, 2015) (discussing a defendant's waiver any argument regarding authenticity of documents considered on summary judgment).

[15] *See United States v. Isley,* 386 F. App'x 117, 120 (3d Cir. 2010) (district court did not err in considering an allegedly unauthenticated document on summary judgment because "'circumstantial evidence may . . . suffice to authenticate a document . . . [and] [t]he burden of proof for authentication is slight . . . . [as] [a]ll that is required is a foundation from which the fact-finder could legitimately infer that the evidence is what the proponent claims it to be.'") (quoting *McQueeney v. Wilmington Trust Co.*, 779 F.2d 916, 928 (3d Cir. 1985)).

electronic case filing (ECF) system;[16] and (5) the propositions for which the documents stand for have not been disputed by Defendant, Defendant's argument is somewhat disingenuous. Moreover, the concerns raised by Defendant were directly addressed by Plaintiff through his subsequently-filed Affidavit.  Accordingly, this claim is without merit.

### C.    Unfair Trade Practices and Consumer Protection Law

Count II of Plaintiff's First Amended Complaint alleges a violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 Pa.C.S.A. §201-1, *et seq.* Although Plaintiff has not sought judgment on this claim, this Court's finding that Defendant was a debt collector who violated the FDCPA constitutes a per se violation of Pennsylvania's Fair Credit Extension Uniformity Act,[17] which in turn constitutes a per se violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law.[18]

Federal Rule of Civil Procedure 56(f) provides that the court must ordinarily give notice before granting summary judgment *sua sponte*.  However, there are exceptions:

> [W]e recognize an exception to the notice requirement of Rule 56 in those cases where summary judgment is granted sua sponte subject to the meeting of three conditions: (1) the point at issue is purely legal; (2) the record was fully developed, and (3) the failure to give notice does not prejudice the party . . .

*Gibson v. Mayor & Council of Wilmington*, 355 F.3d 215, 219 (3d Cir. 2004).  All three criteria have been met with regard to Plaintiff's Unfair Trade Practices and Consumer Protection Law

---

[16]   *See Glover v. Udren*, Civil No. 08-990, 2014 U.S. Dist. LEXIS 122622, at *48-49 (W.D. Pa. May 22, 2014) (finding Plaintiff's opposition to summary judgment on an FDCPA claim insufficient  because she "offer[ed] no evidence of any communication sent to her [and did] not cite to [the] letters [in which she claims Defendant] failed to correctly notify Plaintiff that it is a debt collector in conjunction with the loan modification.").
[17] *See* 73 Pa.C.S.A. § 2270.4(a); *see also* Pl.'s First Am. Compl. ¶¶ 35-37.
[18] *See* 73 Pa.C.S.A. § 2270.5(a).

claim. Accordingly, summary judgment is appropriate with regard to Count II of Plaintiff's First Amended Complaint.

## V.    CONCLUSION

Failure to petition the court to set a fair market value on the property at issue resulted in a discharge of Plaintiff's debt to U.S. Bank regarding the mortgage on 846 Maplewood Road. Following U.S. Bank's purchase of the property, Nationstar, on U.S. Bank's behalf, continued to falsely represent to Plaintiff that he owed U.S. Bank a debt. Such conduct constitutes a clear violation of the FDCPA. *See* 15 U.S.C. § 1692e. Plaintiff's claim is not time-barred because it was not brought under Section 1692g(a), not based upon improper pursuit of litigation, and Nationstar's conduct continued up until one month before the filing of the FDCPA Complaint. Defendant's arguments concerning the authenticity of Plaintiff's exhibits are unavailing. Even viewing the record in a light most favorable to Defendant, there is nothing contained therein that raises a genuine issue of material fact regarding Defendant's liability. Defendant does not even argue that it did not violate the FDCPA exactly as Plaintiff says it did. Accordingly, this Court hereby grants Plaintiff's motion for summary judgment on his FDCPA count.

Additionally, because Defendant has violated Pennsylvania's Unfair Trade Practices and Consumer Protection Law by reason of its FDCPA violation, summary judgment is warranted on Count II of Plaintiff's First Amended Complaint.

An appropriate Order follows.

BY THE COURT:

/s/  C. Darnell Jones, II    J.